USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Mar 29, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LOREN ACKER,

                Plaintiff,

       -v-

ANTHONY WILGER, DANIEL DIBENEDETTO,
ALEXANDER CHAN, and IRA POLLACK,

                Defendants.
------------------------------------------------------------------X

12 Civ. 3620 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

    Defendants Daniel DiBenedetto and Alexander Chan move to disqualify Plaintiff's counsel, Eric Creizman, pursuant to New York State's witness-advocate rule. (Docket No. 56). That rule, set out in Rule 3.7 of the New York Rules of Professional Conduct, provides in relevant part that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." N.Y. R. Prof'l Conduct § 3.7(a).[1] Defendants contend that because Creizman served as counsel to Plaintiff in an effort to vacate the judgment at issue in this legal malpractice action, he is a necessary witness.

    The power to disqualify an attorney is drawn from a court's "inherent power to preserve the integrity of the adversary process," *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (internal quotation marks omitted), while the decision to do so is "a matter committed to the sound discretion of the district court," *Purgess v. Sharrock*, 33 F.3d 134,

---

[1] New York revised its Rules of Professional Conduct, effective April 1, 2009. Since the changes to the witness-advocate rule were stylistic, rather than substantive, courts have continued to apply cases decided under the former rules to new cases. *See, e.g.*, *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 303 (E.D.N.Y. 2009).

144 (2d Cir. 1994). As "Rule 3.7 lends itself to opportunistic abuse," the Second Circuit has cautioned that "courts must guard against the tactical use of motions to disqualify counsel, . . . particularly motions under the witness-advocate rule," by subjecting them "to fairly strict scrutiny." *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009) (internal quotation marks omitted). Accordingly, such motions are "viewed with disfavor" in this Circuit and, while "any doubts are to be resolved in favor of disqualification, the party seeking disqualification bears a heavy burden of demonstrating that disqualification is necessary." *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231-32 (S.D.N.Y. 2010); *see also Arista Records LLC v. Lime Grp. LLC*, No. 06 Civ. 5936 (KMW), 2011 WL 672254, at *4 (S.D.N.Y. Feb. 22, 2011) ("District courts have broad discretion to disqualify attorneys, but it is a drastic measure that is viewed with disfavor in this Circuit." (internal quotation marks omitted)).

Although the disciplinary rules of the American Bar Association and New York State provide "general guidance" to courts deciding disqualification motions, they are not "binding authority." *Hempstead Video*, 409 F.3d at 132; *Falk v. Gallo*, 901 N.Y.S.2d 99, 100 (App. Div. 2d Dep't 2010) (citing *S & S Hotel Ventures Ltd. P'ship v. 777 S.H. Corp.*, 69 N.Y.2d 437 (1987)). Thus, "not every violation of a disciplinary rule will necessarily lead to disqualification." *Hempstead Video*, 409 F.3d at 132; *accord Falk*, 901 N.Y.S.2d at 100. In particular, "[d]isqualification is only warranted in the rare circumstance where an attorney's conduct 'poses a significant risk of trial taint.'" *Decker*, 716 F. Supp. 2d at 231 (quoting *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981)). On a motion to disqualify based on the witness-advocate rule, where the moving party intends to call an adversary's attorney, the movant must demonstrate both that the lawyer's testimony is "necessary" and that there exists a "substantial likelihood that the testimony would be prejudicial to the witness-advocate's client."

*Finkel v. Frattarelli Bros., Inc.*, 740 F. Supp. 2d 368, 373 (E.D.N.Y. 2010) (citing *Purgess*, 33 F.3d at 144, and *Murray*, 583 F.3d at 178). The necessity of a lawyer's testimony takes into account "factors such as the significance of the matters, weight of the testimony, and availability of other evidence," while "[p]rejudice exists where the testimony would be sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." *Id.* (internal quotation marks omitted); *see also S & S Hotel Ventures Ltd. P'ship*, 69 N.Y.2d at 446 ("Testimony may be relevant and even highly useful but still not strictly necessary.").

Applying these standards here, Defendants have failed to show that disqualification of Creizman is warranted. As an initial matter, it is significant that Defendants waited until the eleventh hour to bring their motion. Defendants were aware of Creizman's involvement in efforts to vacate the underlying judgment even before the Complaint was filed. Despite that knowledge, they did not raise the issue of Creizman's potential conflict, or the possibility of calling him as a witness, until almost eleven months after the case was filed, after discovery (extended four times at the parties' request) had closed, after the Court had already denied Defendants' motion to implead *another* law firm representing Plaintiff, and after the Court had set a schedule for summary judgment practice and trial. Moreover, at a pretrial conference a mere six days before Defendants filed the present motion to disqualify, and at which the Court denied the motion to implead in an oral ruling, Defendants' counsel failed to raise any concern whatsoever with respect to Creizman's continued participation as an advocate in this case (despite having put concerns surrounding the involvement of other attorneys and firms representing Plaintiff squarely before the Court in its motion to implead).

On this basis alone, the Court would deny the motion. Indeed, the timing and

3

circumstances of this motion — and counsel's silence at the March 15, 2013 conference, when the Court inquired about any open issues and set a schedule for summary judgment and trial — make it hard to avoid the conclusion that Defendants' motion is a tactical maneuver meant to cause delay and disadvantage Plaintiff. *Cf. Universal City Studios, Inc. v. Reimerdes*, 98 F. Supp. 2d 449, 455 (S.D.N.Y. 2000) (denying a motion for disqualification in part because of the movant's delay, which gave rise to concerns of tactical use); *VMP Int'l Corp. v. Yushkevich*, No. 92 Civ. 7573 (LJF), 1993 WL 287641, at *1 (S.D.N.Y. July 27, 1993) (finding that where the party moving for disqualification possessed sufficient information from the outset of the case, but delayed filing a motion, it reflected adversely on its good faith and supported denial of motion); *Adler & Shepard v. Script Sys., Inc.*, No. 91 Civ. 2019 (LJF), 1992 WL 51499, at *3 n.3 (S.D.N.Y. Mar. 9, 1992) (finding that the delay in bringing a motion for disqualification for over a year, where the moving party knew the relevant facts from outset of the case, suggested "strategic" reasons for the motion, and undermined its claim).

Here, however, Defendants have also failed to meet their burden of demonstrating necessity and prejudice. First, it is not at all clear that Creizman's testimony is necessary. On its own terms, the testimony Defendants seek from Creizman is only marginally relevant, as it does not concern Defendants' alleged legal malpractice, the core issue to be tried here, but instead relates to the mitigation of damages. Moreover, Defendants implicitly acknowledge that Plaintiff himself is aware of some, and perhaps all, of the information they seek, and could testify to it in the event that attorney-client privilege were found not to apply. (*See* Defs.' Mem. of Law 5, 10 (premising the motion for disqualification on Plaintiff's assertion of privilege at his deposition);

4

McLellan Decl., Ex. F, at 167:4-185: 10; 202:1-205:25 (questioning Plaintiff regarding the information sought)).[2]

Where, as here, an alternative witness, such as the client, can testify to the information that the movant seeks to elicit from the attorney, a motion for disqualification should be denied. *See Paramount Commc'ns, Inc. v. Donaghy*, 858 F. Supp. 391, 398 (S.D.N.Y. 1994) (holding that where an attorney's advice to a client was relevant to the suit, disqualification of the attorney in order to allow the attorney to testify regarding that advice was unnecessary where the client could also testify to the advice). (*See also* Defs.' Mem. of Law 5 (acknowledging that disqualification is not warranted where testimony is "cumulative or merely corroborative of the testimony of other witnesses")). In the event that the attorney-client privilege does apply, Defendants have failed to establish how disqualifying Creizman and calling him as a witness would enable them to obtain information they could not obtain from Plaintiff, as the attorney-client privilege protects against disclosure by attorneys as well as clients. *See generally* 1 McCormick on Evid. § 87 (7th ed. 2013).

Second, Defendants fail to make any argument with respect to prejudice. Notably, Defendants fail even to assert, let alone show, that Creizman's testimony would differ from Plaintiff's, or that any difference would be substantially prejudicial to Plaintiff, two key components of the disqualification analysis. *See Finkel*, 740 F. Supp. 2d at 377 (considering whether the movant had demonstrated that counsel's testimony would be inconsistent with the client's testimony and prejudicial to client).

---

[2] It should be noted that Defendants overstate the degree to which Plaintiff's counsel asserted attorney-client privilege at his deposition. (Defs.' Mem. of Law 8). Although Plaintiff did not answer questions concerning Creizman's advice, which is most central to the present motion, Plaintiff did answer questions concerning the involvement of attorneys in his decision to deposit $150,000 in the escrow account and to release $142,000 to satisfy the judgment, and he explicitly denied any involvement of counsel. (*See* McLellan Decl. Ex. F, at 169:4-171:23).

5

For these reasons, Defendants have failed to meet their heavy burden, and their motion is DENIED.  The Clerk of Court is directed to terminate Docket No. 56.


SO ORDERED.

Dated: March 29, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge